**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**KENNETH L. BRYANT,**

      **Petitioner,**

**vs.**

                                  **CASE NO. 4:08cv349-MP/WCS**

**WALTER McNEIL,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

This is a petition for writ of habeas corpus filed by Kenneth L. Bryant pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges his conviction for revocation of probation on his earlier conviction for aggravated child abuse causing great bodily harm, case number 1999-CF-3600A, and his convictions for possession of contraband at a county detention facility and possession of cocaine with intent to sell in case number 2004-CF-2912A, in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida. *Id.* Respondent filed an answer and the record in paper form. Doc. 12. Hereafter citations to Exhibits are to the paper record. Petitioner has not filed a traverse. Respondent concedes that the petition was timely filed. Doc. 12, p. 7.

**Procedural history**

The following is a summary of the procedural history derived from Respondent's answer. Petitioner was convicted of aggravated child abuse in case number 1999-CF-3600A and was sentenced to a five year prison term followed by five years of probation. On his second violation of probation, he was sentenced to fifteen years of imprisonment. The second violation was a consequence of his arrest for, among other charges, possession of cocaine with intent to sell and introduction of contraband into a detention facility. Petitioner was also convicted of these offenses in case number 2004-CF-2912A and sentenced to a total of fifteen years in prison.

**Section 2254 Standard of Review**

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)." O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999). To properly exhaust remedies as required by § 2254(b), "the federal claim must be fairly presented to the state courts." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (*citing* Picard). However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).[1]

---

[1] If no constitutional claims are raised, then §2254 is inapplicable and the exhaustion inquiry is irrelevant. Engle v. Isaac, 456 U.S. 107, 120, n. 19, 102 S.Ct. 1558, 1567, n. 19, 71 L.Ed.2d 783 (1982).

While it is not necessary that the petitioner cite "book and verse" of the Constitution, the state court must be alerted to the fact that a federal constitutional claim is raised. Duncan, 513 U.S. at 365-366, 115 S.Ct. at 888 (citations omitted); *see also* McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005) (holding that a petitioner must "do more than scatter some makeshift needles in the haystack of the state court record") (citations omitted). The petitioner also "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (applying this one complete round requirement to state collateral review process as well as direct appeal).

If a claim was not fairly presented but is procedurally barred from further state court review,[2] Petitioner must demonstrate cause for the default and actual prejudice, *or* demonstrate that the constitutional violation has probably resulted in conviction of an innocent person. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2565, 115 L.Ed.2d 640 (1991); McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991).

For a claim which was fairly presented and adjudicated on the merits by the state court, the state court's factual determinations are presumed correct unless the Petitioner rebuts the presumption by clear and convincing evidence. § 2254(e)(1);

---

[2] Procedurally defaulted claims are considered technically exhausted because state court remedies no longer remain "available." The court therefore refers to "fairly presented" claims as having been *properly* exhausted, to distinguish them from claims exhausted by procedural default. *See* O'Sullivan, 526 U.S. at 848, 119 S.Ct. at 1734.

Fugate v. Head, 261 F.3d 1206, 1215 and n. 11 (11th Cir. 2001) (citation omitted).

Section 2254(e)(2) provides that:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
>   (A) the claim relies on –
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence;  and
>
>   (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Further, a petitioner is entitled to federal habeas relief only if the state court's

adjudication of the merits of the federal claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d); Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146  L.Ed.2d 389

(2000); Ramdass v. Angelone, 530 U.S. 156, 120 S.Ct. 2113, 2119-20, 147 L.Ed.2d 125

(2000).

> The "contrary to" clause in § 2254(d)(1) "suggests that the state court's decision must be substantially different" from the relevant Supreme Court precedent.  Although a state court's decision that "applies a rule that contradicts the governing Supreme Court law is "contrary," a state court decision that applied "the correct legal rule" based on Supreme Court law to the facts of the petitioner's case would not fit within the "contrary to"

clause even if the federal court might have reached a different result relying on the same law. In evaluating the "'unreasonable application' inquiry," the federal court should consider whether the state court's application of the law was "objectively unreasonable" and should not apply the subjective "'all reasonable jurists'" standard. The Supreme Court clarified that, under 28 U.S.C. § 2254(d)(1), the federal court may not issue the writ unless it finds that the state court applied Supreme Court law unreasonably.

Fugate, 261 F.3d at 1216 (summarizing the conclusions in Williams, citations omitted).

**Ground one**

Petitioner asserts that his convictions in case number 2004-CF-2912A violated double jeopardy. The theory is that he could not be convicted for possession of cocaine with intent to sell and possession of contraband inside a county detention because the cocaine was the contraband. Doc. 1, p. 4, 7 on ECF (electronic docket).[3] Petitioner cites several state cases. *Id.*, p. 9. It will be assumed here that the same cocaine is at issue, the cocaine found in Petitioner's possession in his belt when he was booked into the Leon County Jail.

Petitioner entered a guilty plea to these two charges in case number 2004-CF-2912A. Ex. C, pp. 185-197. It was an "open" plea. *Id.*, p. 185. "A defendant who enters a general or open plea does not waive double jeopardy claims" because the claim may be raised on direct appeal as fundamental error. Hanfield v. State, 40 So. 3d 905, 906-907 (Fla. 1st DCA 2010). Further, a double jeopardy claim may either be raised on direct appeal or in a Rule 3.850 motion. Rudolf v. State, 851 So. 2d 839, 842 (Fla. 2nd DCA 2003); Kerrin v. State, 8 So. 3d 395, 396 (Fla. 1st DCA 2009).

---

[3] The page numbers from the electronic docket are used because the petition contains page numbers 2-7 (the form) and 1-12 (the attachment).

Petitioner's attorney filed a notice of appeal and a statement of the judicial acts to be reviewed. The statement of judicial acts to be reviewed argued that the sentence on the violation of probation in the earlier case, case number 1999-CF-3600A, violated double jeopardy, presumably because of the conviction and sentence in case number 2004-CF-2912A. Ex. H, p. 99; Ex. C, p. 173. That is not the claim before this court.[4]

Petitioner's attorney on direct appeal filed an *Anders* brief and did not raise the claim presented in this court, that is, double jeopardy claim with respect to case number 2004-CF-2912A. Ex. H, p. 6. Petitioner was afforded an opportunity to file a brief *pro se*. Ex. F. He did not do so, and his convictions were affirmed *per curiam*. Ex. G.

The claim before this court was raised in Petitioner's second Rule 3.850 motion. Ex. H, pp. 38-42. The trial court rejected the claim, reasoning:

> Defendant's second claim alleges that the trial court erred in violation of Defendant's protection against double jeopardy in Leon County Case No. 04-2912. This is an issue which was raised and rejected on direct appeal. (Attachment B). Accordingly, this Court lacks jurisdiction to entertain this claim and denies it as procedurally barred.

Ex. H, p. 94. Attachment B, relied upon by the court, was the statement of judicial acts to be reviewed. *Id.*, p. 99. It did not raise the same double jeopardy claim and it did not properly raise the claim in the appellate court. Consequently, the finding that the claim had been raised and rejected on the merits in the appellate court was wrong. Further,

---

[4] Further, the judicial acts to be reviewed does not adequately raise the claim in the appellate court. *See* <u>White v. State</u>, 977 So. 2d 680 (Fla. 1st DCA 2008) (discussing how a trial error claim usually must be preserved by a contemporaneous objection and is not raised by the statement of judicial acts to be reviewed, and that a claim is raised in the appellate court by the brief, not by the statement of judicial acts to be reviewed).

the claim was not procedurally barred as it was proper to raise it in a Rule 3.850 motion. Kerrin v. State, *supra*.

The Rule 3.850 court then ruled that "if it had jurisdiction it would still deny the claim" on the merits. Ex. H., p. 94. The court cited Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) and Turner v. State, 661 So. 2d 93 (Fla. 5th DCA 1995). Turner held that convictions for simple possession of cocaine and possession of cocaine in a jail *did* violate double jeopardy. The case did not concern a conviction of possession of cocaine with intent to sell. *Accord*, Ruiz v. State, 488 So. 2d 895 (Fla. 1st DCA 1986). Turner also discussed legislative intent in Florida, as set forth ahead.

Respondent argues that the claim before this court is procedurally defaulted because it should have been raised on direct appeal, but was not. Doc. 12, p. 8. While it could have been raised on direct appeal, and was not, the claim is not procedurally defaulted because it could have been raised in a Rule 3.850 motion, and was. The Rule 3.850 court's ruling that the claim was procedurally barred was incorrect as a matter of Florida law, and thus is not an adequate and independent state ground for disposition.

> When looking to state law to determine if a petitioner has failed to exhaust his state remedies, and thus created a procedural bar to his claims, the procedural bar "must be firmly established and a regularly followed state practice." *Cochran v. Herring*, 43 F.3d 1404, 1408 (11th Cir. 1995).

Mancill v. Hall, 545 F.3d 935. 940 (11th Cir. 2008); Payne v. Allen, 539 F.3d 1297, 1313 (11th Cir. 2008).

The Rule 3.850 court's ruling that the claim had been rejected on the merits on direct appeal was also incorrect.  Nonetheless, that court reached the merits in the alternative, and that ruling is entitled to deference in this court.

The Double Jeopardy Clause protects against three distinct abuses:  a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense.  North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct 2072, 2076, 23 L.Ed.2d 656 (1969).  Only the "multiple punishments for the same offense" double jeopardy claim is involved in this case because this case involves only one prosecution in case number 2004-CF-2912F. United States v. Kaiser, 893 F.2d 1300, 1304 (11th Cir. 1990).

> "Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature . . . intended that each violation be a separate offense."  *Williams v. Singletary*, 78 F.3d 1510, 1512 (11th Cir.1996) (*quoting Garrett v. United States*, 471 U.S. 773, 778, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985)). If the legislature's intent is unclear, we then apply the "same elements" test established in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).  Under this test, "two offenses are different for the purposes of double jeopardy analysis if each 'requires proof of an additional fact which the other does not.' "  *Cole v. U.S. Dep't of Agric.*, 133 F.3d 803, 805 (11th Cir.1998) (*quoting Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182).

United States v. Smith, 532 F.3d 1125, 1128 (11th Cir.), *cert. denied*, 129 S.Ct. 517 (2008).

Florida has essentially adopted the Blockburger test as the Legislature's intent. Turner v. State, 661 So.2d 93, 94 (Fla. 1st DCA, 1995).  See FLA. STAT. § 775.021(4):

> (4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order

the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:

1. Offenses which require identical elements of proof.

2. Offenses which are degrees of the same offense as provided by statute.

3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

FLA. STAT. § 775.021(4).

The first conviction of the two challenged here was for possession of contraband at a county detention facility in violation of FLA. STAT. § 951.22. Ex. C, p. 187. As relevant here, it requires proof that a person introduced or possessed a "a controlled substance as defined in s. 893.02(4)" "upon the grounds of any county detention facility." § 951.22(1). Cocaine is a controlled substance as defined by state law and as intended here. §§ 893.02(4) and 893.03(2)(a)4. The "possession" does not require an intent to sell. The second conviction was for possession of cocaine with intent to sell in violation of FLA. STAT. §§ 893.03 and 893.13(1)(a)1. *Id.* It requires proof of possession of the same controlled substance with intent to sell. § 893.13(1)(a)1. It does not require proof that the possession occurred on the grounds of a county detention facility. The offenses do not require "identical elements of proof."[5] Thus, pursuant to FLA. STAT. §

---

[5] I cannot find any Florida or federal cases dealing with this precise issue, a conviction of possession with intent to distribute and a conviction of possession of

775.021(4), Florida intends that separate sentences be imposed for the two violations. There is no double jeopardy violation. Petitioner has not shown that the state court's rejection of this claim on the merits has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d).

**Ground two**

Petitioner contends that when he was sentenced for revocation of probation in case number 1999-CF-3600A, the trial court added two prior convictions that had been overlooked when he was sentenced on the original charge. Doc. 1, pp. 14-17. He contends that this violated FLA. R. CRIM. P. 3.704(d)(1), which he argues mandates that the original sentencing scoresheet cannot be amended. *Id.*, pp. 14-15. He contends that this violated due process. *Id.*, pp. 14, 17. He also mentions double jeopardy for resentencing upon revocation of probation using prior convictions overlooked on the original scoresheet when he was initially sentenced. *Id.*, p. 16. He also argues that the amended sentencing scoresheet violates the Ex Post Facto clause. *Id.*

Respondent argues that this claim is procedurally defaulted because it was not raised on direct appeal. Doc. 12, p. 13.

Petitioner raised a state law claim in his second Rule 3.850 motion, citing Fla. R. Crim. P. 3.704(d)2). Ex. H, pp. 42-44. Petitioner did not cite any federal law as the basis for this claim. The Rule 3.850 court found that this sentencing claim was procedurally barred because it should have been raised on direct appeal and was not.

---

contraband in a jail or prison.

Ex. H, pp. 94-95. The court also cited <u>Roberts v. State</u>, 644 So. 2d 81 (Fla. 1994),
which ruled, solely on state law grounds, that when sentencing after revocation of
probation, the trial court has authority to amend the original sentencing scoresheet to
include prior convictions that were erroneously omitted. *Id.*

The federal claim was not raised on direct appeal, and it was not raised in the
Rule 3.850 motion as a federal claim. It is procedurally defaulted. Petitioner has not
shown cause for the default or prejudice. Consequently, this court cannot reach the
merits of the federal aspects of this claim.

**Certificate of Appealability**

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he
district court must issue or deny a certificate of appealability when it enters a final order
adverse to the applicant," and if a certificate is issued "the court must state the specific
issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely
notice of appeal must still be filed, even if the court issues a certificate of appealability.
§ 2254 11(b).

I find no substantial showing of the denial of a constitutional right. § 2253(c)(2);
<u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542
(2000) (explaining how to satisfy this showing) (citation omitted). Therefore, I
recommend that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final
order, the court may direct the parties to submit arguments on whether a certificate
should issue." If there is an objection to this recommendation by either party, that party

may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

**Conclusion**

Accordingly, it is **RECOMMENDED** that the 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Kenneth L. Bryant, challenging the sentence imposed after revocation of probation on his earlier conviction for aggravated child abuse causing great bodily harm in case number 1999-CF-3600A, and his convictions for possession of contraband at a county detention facility and possession of cocaine with intent to sell in case number 2004-CF-2912A, all in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, be **DENIED WITH PREJUDICE** and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on November 23, 2010.

**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**